# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ATHLETIC TRAINING INNOVATIONS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO.  10-01524** |
| **L.A. GEAR, INC.** | **JUDGE BERRIGAN**<br>**MAG.  WILKINSON** |
| | **SECTION "C" (2)** |
| | **JURY TRIAL DEMANDED** |

### PLAINTIFF'S SECOND SUPPLEMENTAL AND AMENDING COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, DAMAGES, CANCELLATION OF A REGISTERED TRADEMARK AND DEMAND FOR TRIAL BY JURY

The second supplemental and amending complaint of ATHLETIC TRAINING INNOVATIONS, LLC  ("ATI"), a Louisiana Liability Company authorized to do business in the State of Louisiana, appearing herein through undersigned counsel represents:

I.

On May 26, 2010, Plaintiff, ATI, filed a Complaint for Declaratory Judgment, Injunctive Relief, Damages, Cancellation of a Registered Trademark and Demand for Trial by Jury.

II.

Thereafter, on May 27, 2010, ATI filed a First Supplemental and Amended Complaint for Declaratory Judgment, Injunctive Relief, Damages, Cancellation of a Registered Trademark and Demand for Trial by Jury to correctly identify the Plaintiff as an LLC.

III.

At a scheduling conference conducted on July 9, 2010, the deadline for supplementing and amending complaints was set for September 9, 2010.

IV.

Plaintiff desires to supplement and amend its original complaint and first supplemental and amending complaint to include the following paragraphs:

V.

Plaintiff seeks to add the following causes of action for intentional interference with contractual relations based on several illicit cease-and-desist letters sent to ATI's customers as described in the original Complaint and described hereinafter.

VI.

Plaintiff wishes to further clarify its originally-pleaded complaint for false procurement of a trademark registration pursuant to 15 U.S.C. 1120 and for abandonment of a trademark according to 15 U .S.C. § 1127.

VII.

On June 17, 2010, Anna M. Liau, Vice-President and General Counsel for L.A. Gear, Inc. ("LA Gear") submitted another illicit cease-and-desist letter to Gary D. Cohen, Chief Administrative

Officer for The Finish Line, Inc., an ATI customer.  In the letter, Ms. Liau threatened litigation seeking damages and injunctive relief, and demanded sales information regarding ATI's KATAPULT™ brand training shoe.

VIII.

In response, The Finish Line, Inc. removed ATI's KATAPULT™ brand shoe from its website and rescinded its previously-stated intention to purchase 300 pairs of the shoes thereby causing additional damages to ATI.  The cease-and-desist letter was deceptive and contained inaccurate information regarding LA Gear's alleged rights to the CATAPULT trademark.

IX.

LA Gear's improper conduct greatly impaired ATI's contractual relations with GSI Commerce, Inc., Sports Authority, Inc., Eastbay, The Foot Locker and the Finish Line, Inc., causing damages in excess of $500,000 arising from lost revenue and mitigation costs.

X.

The conduct and action of LA Gear and Anna M. Liau, as described above, and in the original Complaint, constitute unfair competition pursuant to 15 U.S.C. § 1125 (a) in that the communications were:

-       false and misleading;

-       deceived ATI's retailers;

-       the deception was material in that the retailers stopped selling ATI's KATAPULT™ brand training shoe;

-3-

-     resulted in actual damages in the form of lost revenue and mitigation costs, estimated to exceed $500,000.00 and continuing.

XI.

Further, Plaintiff has a cause of action for false procurement of trademark registration nos. 2,886,816 and 2,981,488 pursuant to 15 U.S.C. Section 1120.

XII.

Specifically, Anna M. Liau signed a Declaration of Use on September 21, 2009 that was filed with the U.S. Trademark Office pursuant to 37 C.F.R. Section §2.160. The applicable regulation provides that a registration shall be cancelled five (5) years after issuance unless the owner establishes continuous use in commerce for the previous five years by filing the requisite declaration.

XIII.

The false declaration submitted by Anna M. Liau provided that:

> "The mark is in use in commerce on or in connection with the goods and/or services identified above, as evidenced by the attached specimen(s) showing the mark as used in commerce. The mark **has been in continuous use in commerce for five (5) consecutive years after the date of registration**, or the date of publication under Section 12(c),**and is still in use in commerce**. The undersigned being hereby warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements and the like may jeopardize the validity of this document, declares that he/she is properly authorized to execute this document on behalf of the Owner; and all statements made of his/her own knowledge are true and that all statements made on information and belief are believed to be true."

XIV.

The pertinent mark has not been "in continuous use" since the date of registration

(9/21/2004) and is not "still in use in commerce."  Such false statements were made purely to maintain the registration to the detriment of ATI and others, and the maintenance of such registrations has caused considerable harm including damages sustained by the Plaintiff when they were cited in the previously referenced cease-and-desist letters.

XV.

Further, for the sake of clarity and to remove any ambiguity, Plaintiff, ATI asserts upon information and belief, that LA Gear had discontinued its use of the CATAPULT mark more than five (5) years ago and beyond.  Further, based upon information and belief, ATI asserts that LA Gear discontinued usage of the mark CATAPULT with no intent to resume such use.  Therefore, LA Gear's discontinued use and with no intent to resume constitutes abandonment pursuant to the Lanham Act.

XVI.

Plaintiff renews and reiterates all of the allegations (as amended and supplemented herein), and all of the prayers of Plaintiff's original Complaint and First Supplemental and Amending Complaint.

WHEREFORE, Plaintiff, ATHLETIC TRAINING INNOVATIONS, LLC prays that Defendant, L.A. GEAR, INC., be served with a copy of this Second Supplemental and Amending Complaint for Damages, and cited to appear and answer same, and that after due proceedings had, there be judgment herein in favor of Plaintiff and against Defendant in an amount to be determined by this Honorable Court, together with special damages, court costs, attorney's fees and for all

general and equitable relief.

                                    RESPECTFULLY SUBMITTED,

                                    /s/ *J.  Douglas Sunseri*

                                    _____
                                    **J. DOUGLAS SUNSERI (#19173)**
                                    **NICAUD & SUNSERI, L.L.C.**
                                    A Group of Professional Law Corporations
                                    3000 18TH Street
                                    Metairie, Louisiana 70002
                                    Telephone: (504) 837-1304

                                         - and-

                                    KENNETH L.  TOLAR (Bar No.  22641)
                                    ATTORNEY AT LAW
                                    2908 HESSMER AVENUE
                                    METAIRIE, LOUISIANA 70002
                                    TELEPHONE: (504) 780-9891
                                    FACSIMILE: (504) 780-7741
                                    Email: tolar@cavtel.net

                                    Attorneys for Plaintiff,
                                    ATHLETIC TRAINING INNOVATIONS, LLC

_____          **CERTIFICATE OF SERVICE**

        I hereby certify that on this10th day of August, 2010, I electronically filed the foregoing with
the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all
counsel registered for electronic service.  I further certify that I have served a copy of the foregoing
pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing,
and/or mailing the same by United States mail, properly addressed and first class postage prepaid.

                                    /s/ *J.  Douglas Sunseri*

                                    _____
                                    J. DOUGLAS SUNSERI

                                        -6-