UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ATHLETIC TRAINING INNOVATIONS, LLC.** | CIVIL ACTION |
| **VERSUS** | NO:   10-1524 |
| **L.A. GEAR, INC** | SECTION: "C" (2) |

### ORDER AND REASONS

This matter comes before the Court on Defendant L.A. Gear, Inc.'s ("L.A. Gear") Motion to Reconsider this Court's October 18, 2010 Order, or in the Alternative to Certify an Interlocutory Appeal.  (Rec. Doc. 33).

The Federal Rules of Civil Procedure do not formally recognize a "Motion for Reconsideration."  Out of judicial necessity, our courts have developed an approach to evaluate such a motion.  As demonstrated in *Lavespere v. Niagara Machine & Tool Works, Inc.*, the first inquiry involves determining exactly which federal rule most appropriately governs the motion.  *Lavespere v. Niagara Machine & Tool Works, Inc.*, 910 F.2d 167 (5th Cir. 1990).  The United States Court of Appeals for the Fifth Circuit treats a motion for reconsideration as "either a motion 'to alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b)."  *Id.* at 173.  The Fifth Circuit holds that, "if the motion is served within ten (10) days of rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)."  *Id.*  Here Defendant filed its Motion to Reconsider within 10 days of the October 18, 2010 Order, so it will be treated as a Rule 59(e) Motion to Alter or Amend.

Although motions to reconsider are typically reserved for admission of newly discovered

1

evidence, correction of "manifest error of law" may also justify relief. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Courts have consistently denied relief under Rule 59(e) where the moving party seeks only to reargue the same points without offering new evidence or new legal support.

In the present Motion Defendant offers no new evidence, but rather only reiterates arguments it already made before this Court or suggests new arguments that it could have raised earlier. In the absence of newly discovered evidence or some indication that this Court committed a manifest error of law or fact, this Court will not reconsider its October 18, 2010 Order. *See, e.g., Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005); Fed.R.Civ.P. 59(e).

Moreover, this Court will not certify an interlocutory appeal of its October 18, 2010 Order. In *Rico v. Flores*, 481 F.3d 234, 238 (5th Cir. 2007), the Fifth Circuit stated that "Title 28, § 1292(b) of the United States Code permits a court to certify an interlocutory appeal where (1) a controlling question of law is involved, (2) there is substantial ground for difference of opinion about the question of law, and (3) immediate appeal will materially advance the ultimate termination of the litigation." In *U.S. v. Garner*, the Fifth Circuit held that "[t]he purpose of § 1292(b) is to provide for an interlocutory appeal in those exceptional cases" where the three part test is satisfied. *U.S. v. Garner*, 749 F.2d 281 (5th Cir. 1985). A 1292(b) interlocutory appeal is not justified where "none of the questions [of law] is particularly difficult and most appear to be merely fact-review questions." *Clark-Dietz and Associates-Engineers, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir.1983.)

Defendant has not shown that this Court's October 18, 2010 Order involves a controlling question of law as to which there is substantial ground for difference of opinion. *See* 28 U.S.C. § 1292(b). Defendant simply disagrees with how this Court distinguished *Red Wing Shoes, Inc. v.*

*Hockerson-Halberstadt, Inc.*, 148 F.3d 1355 (Fed. Cir. 1998), based on the facts of the present case, which unlike *Red Wing Shoes* involves the mailing of cease-and-desist letters to multiple parties, causing foreseeable harm in Louisiana.

Accordingly,

IT IS ORDERED that Defendant's Motion is DENIED. (Rec. Doc. 33)

New Orleans, Louisiana, this 15th day of December, 2010.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**